IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LINDA D. GODWIN, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | 1 : 07-CV-54 (WLS) |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on March 27, 2007, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed her application for disability benefits in September 2003, alleging disability since January 30, 2003, due to chronic fatigue syndrome, fibromyalgia, TMJ, headaches, constant pain and diabetes. Her application was denied initially and upon reconsideration. Following a hearing held on February 15, 2006, the ALJ determined that the plaintiff's fibromyalgia was a severe impairment, but that her subjective testimony was not entirely credible. He found that she retained the residual functional capacity to perform sedentary work and that she was unable to return to her past relevant work as an accounting clerk, but that she retained transferable work skills to jobs that exist in significant numbers in the national economy and thus that the plaintiff could perform. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ rejected her complaints of pain

without providing adequate reasons therefore, and that the ALJ erred in finding that the plaintiff could perform jobs requiring skills that there was no evidence the plaintiff possessed.

*Discussion*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Credibility*

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can

reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The plaintiff argues that the ALJ failed to consider the record as a whole, including treatments and other impairments, in assessing plaintiff's credibility and ignored or rejected all of her impairments except for her fibromyalgia in evaluating her pain allegations. The plaintiff asserts that the ALJ erred in relying on the inconsistencies between the objective medical record and her subjective accounts of pain to discredit these accounts.

In Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005), the Eleventh Circuit noted that fibromyalgia often lacks medical or laboratory signs and "is generally diagnosed mostly on an individual's described symptoms." *Id.* at 1211. The *Moore* court referenced the Eleventh Circuit's unpublished decision in *Stewart v. Apfel*, No. 99-6132 (11th Cir. Dec. 20, 2000), and

3

noted that "[i]n *Stewart*, we reviewed medical research on fibromyalgia, which often lacks medical or laboratory signs, and is generally diagnosed mostly on a [sic] individual's described symptoms. Because the impairment's hallmark is thus a lack of objective evidence, we reversed an ALJ's determination that a fibromyalgia claimant's testimony was incredible based on the lack of objective evidence documenting the impairment." *Moore*, 405 F.3d at 1211. However, in another unpublished decision, *Richardson v. Barnhart*, No. 02-16269 (11th Cir. July 10, 2003), the Eleventh Circuit explained that an ALJ who has found a claimant to suffer from fibromyalgia as a "severe" limitation does not commit error by looking for objective confirmation of the severity of the pain and its limiting effects on the claimant. *Id.* at p.5. In *Richardson*, the Eleventh Circuit noted that "[w]e do not read the decision as rejecting the *existence* of fibromyalgia because of a lack of medical confirmation; indeed, the ALJ found fibromyalgia to be a 'severe' limitation. . . . The ALJ's demand for objective medical evidence . . . was nothing more than a proper application of the second prong of the pain standard." *Id.*

The ALJ herein reviewed the plaintiff's treatment history as well as her testimony regarding pain and daily activities. He concluded, however, that

> the claimant's medically determinable impairment could reasonably be expected to produce some level of the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible or consistent with the objective medical evidence and record as a whole. Thus, I find that she is credible only to the extent that her testimony comports with the residual functional capacity determination.
>
> R. at 25.

The ALJ ultimately determined that the plaintiff "has the residual functional capacity to perform sedentary work with only occasional climbing of ladders, ropes, or scaffolds; and the ability to

4

sit/stand/walk about 6 hours in an 8 hour work day; and, unlimited pushing and pulling." R. at 25-26.

As in *Richardson*, the ALJ herein did not require objective medical findings in order to find that plaintiff's fibromyalgia was a "severe" impairment, but merely applied the second prong of the pain standard and rejected plaintiff's subjective complaints as unsupported by the objective medical evidence. Contrary to the plaintiff's assertions, the ALJ's decision reveals his consideration of the plaintiff's various treatments, other impairments, and daily activities, as set out by the plaintiff in her answers to a Daily Living Questionnaire. R. at 103. The ALJ's decision in this regard was supported by substantial evidence.

*Transferable skills*

The plaintiff also argues that the ALJ erred in his reference to the testimony of the Vocational Expert in regard to the issue of transferability of skills, and in doing so rendered his decision unsupported by substantial evidence. The ALJ found that the plaintiff, although unable to return to past relevant work as an accounting clerk, could work as a mortgage clerk or an insurance clerk. He further found that '[t]he vocational expert testified that the claimant retained office skills that were transferable to low skilled or semi-skilled type of work." R. at 26. The plaintiff argues that the Vocational Expert never made such a finding, removing any expert testimony to support the ALJ's conclusion. The plaintiff maintains that transferability of skills is an issue when a claimant has a severe impairment and can no longer perform her past relevant work.

The Commissioner argues that the ALJ properly utilized the VE's testimony and the framework of the Medical-Vocational Guidelines to conclude that a significant number of jobs

existed in the national economy which the plaintiff remained capable of performing.

A review of the Vocational Expert's testimony reveals that there was some level of confusion as to the issue of transferability of job skills and its relevance to the plaintiff's case. At one point the VE testifies that transferability is an issue, but he ultimately concludes that it is not, when asked again by the ALJ about transferability being an issue, stating that "[w]ell, she's doing skilled work at the sedentary level . . . for a younger individual, it's not." R. at 702. Regardless of whether transferability was ultimately an issue in the determination of plaintiff's disability status, the VE testified that her job skills were transferable. *See* R. at 701. The VE's testimony provided substantial evidence to support the ALJ's conclusion that other work existed which the plaintiff could perform and that she was thus not disabled.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 18th day of August, 2008.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE